## George Klocik, Appellee, v. American Car & Foundry Company, Appellant.

VERDICT—*when set aside as against the evidence.* A verdict will be set aside on review as against the weight of the evidence where clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

WISE & McNULTY, for appellant.

J. M. BANDY and D. J. SULLIVAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action on the case, brought by appellee against appellant, to recover for injuries received while engaged as an employe in a car manufacturing plant operated by appellant. The additional count on which the case was tried alleges that the defendant had in use at its plant a certain boring machine with auger for boring holes in timbers used in the construction of railroad cars, and that plaintiff was engaged in carrying timbers to the machine to have holes bored in them and then carry them away and pile them; that the defendant negligently permitted the machine, after notice of its dangerous condition to be and remain out of repair; that when the said auger was stopped by the operator, it would start itself without being caused to do so by the operator; that plaintiff was ordered by his foreman to clean the machine and while attempting to do so, after the machine was stopped, the auger suddenly started without act of the operator, by reason of which the plaintiff's hand was caught and injured. The defendant pleaded not guilty, the case was tried by a jury, resulting in a verdict and judgment for the plaintiff for $1,200,

from which, after motion for new trial was overruled, the defendant appealed. The contention here, and to which the argument is chiefly directed, is that the verdict is manifestly against the weight of evidence. After a careful examination of the record we have reached that conclusion.

The appellee testified that he was a helper at the machine, engaged as alleged in the declaration, and that one Pete Shuralesky was the operator and appellee's foreman. He says that the operator directed him to clean the shavings out of the machine, which was then at rest, and while so engaged, the machine started without known cause or the act of any one. There is no evidence that the machine was defective other than may be inferred from the statement of appellee, that it started of itself at the time he was injured, and the not very satisfactory testimony of the witness Craweck, who says that he saw the machine in operation, and that within a week or two of the accident and prior thereto, he saw it start up three or four times without being moved by the operator. No witness testifies of what the defect, if any, consisted. While it may not be said to have been impossible for a machine in construction and mechanism, as was this machine, to become self-acting by reason of defective conditions, we are wholly without satisfactory evidence upon which to base such probability, and justify the conclusion that such defect existed. The foreman of the shop, the operator of the machine, and one other witness, all testify that they examined the machine immediately after appellee was hurt and that it was then and ever since has been in perfect condition, and that it could not have been started without the application of considerable force to the operating lever. Appellant's witnesses, four in number, testify, that it was not part of appellee's duty to clean the auger, and Shuralesky, the alleged foreman, denies positively that he gave any order or directions to appellee. The ver-

dict was manifestly contrary to the preponderance of the evidence and should have been set aside and a new trial granted.

*Reversed and remanded.*